**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| KELLY SERVICES, INC | § | |
| | § | |
| Plaintiff, | § | CASE NO. 2:08-CV-14406-GER-RSW |
| | § | |
| vs. | § | The Honorable Gerald E. Rosen |
| | § | |
| WILLIAM MARZULLO | § | Magistrate Judge R. Steven Whalen |
| | § | |
| Defendant. | § | |

Thomas W.H. Barlow (P10443)
Marlo Roebuck (P65640)
JACKSON LEWIS LLP
2000 Town Center, Ste 1900
Southfield, Michigan  48075
Phone:  (248) 809-1900
Fax:  (248) 809-1901
barlowt@jacksonlewis.com
roebuckm@jacksonlewis.com
Attorneys for Defendant

## DEFENDANT'S POST SUBMISSION BRIEF

Defendant William Marzullo ("Marzullo") files this Post Submission Brief in response to Plaintiff Kelly Services, Inc.'s ("Kelly") Motion for Temporary Restraining Order and Preliminary Injunction to provide clarification on Texas law regarding non-compete agreements in the context of at-will employment.

It is settled under Texas law that at-will employment alone will not support a promise not to compete. *See Alex Sheshunoff Mgmt. Servs., LP v. Johnson*, 209 S.W.3d 644, 648-49 (Tex. 2006) (noting non-compete agreement can be enforced in the context of at will employment only if the employer provides in exchange a non-illusory promise that gives rise to the employer's interest in restraining competition).  This requirement comes from the plain

language of Texas Business and Commerce Code Section 15.50, which provides in pertinent part:

> Notwithstanding Section 15.05 of this code, and subject to any applicable provision of Subsection (b), <u>a covenant not to compete is enforceable if it is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made</u> to the extent that it contains limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee.

*See* TEX. BUS. & COM. CODE § 15.50(a) (emphasis added). As such, a non-compete is not enforceable if it is based on "a stand-alone promise from the employee lacking any new consideration from the employer." *Sheshunoff*, 209 S.W.3d at 651 (citing *Martin v. Credit Prot. Ass'n, Inc.*, 793 S.W.2d 667, 669 (Tex. 1990)). Instead, "(1) the consideration given by the employer in the otherwise enforceable agreement must give rise to the employer's interest in restraining the employee from competing; and (2) the covenant must be designed to enforce the employee's consideration or return promise in the otherwise enforceable agreement." *Id.* (quoting *Light v. Centel Cellular Co.*, 883 S.W.2d 642, 647 (Tex. 1994)).

In this case, Kelly made absolutely no promise in exchange for Marzullo's promise not to compete. Kelly asserts that a merit increase was granted in exchange for the non-compete agreement, but the agreement does not contain any reference whatsoever to wages. Further, monetary consideration is insufficient in any event under Texas law because such consideration does not give rise to the employer's interest in restraining the employee from competing. *Compare Light*, 883 S.W.2d at 647 & n.14 (noting employer promise to provide confidential information in exchange for employee promise to keep it confidential gives rise to agreement not to compete) *with Kadco Contract Design Corp. v. Kelly Servs., Inc.*, 38 F. Supp. 2d 489 (S.D. Tex. 1998) (employer promise to provide uniforms does not gives rise to need to

not compete); *31-W Insulation Co. v. Dickey*, 144 S.W.3d 153 (Tex. App. – Fort Worth 2004, no pet.) (employer promise to give two week's notice of termination to at will employee does not give rise to non-compete). Indeed, Kelly is familiar with this requirement of Texas law based on the position it took in *Kadco*, where it successfully argued against enforceability of a non-compete agreement based on the lack of relationship between an employer promise and the employer's desire to restrain competition.

In short, Kelly presents no evidence or argument to show that Kelly promised anything in exchange for Marzullo's agreement to not compete, let alone that such a promise gave rise to the need to not compete. Under section 15.50 and governing Texas law, the agreement is therefore not enforceable. *See also Powerhouse Productions, Inc. v. Scott*, 260 S.W.3d 693, 698-99 (Tex. App. –Dallas 2008, no pet.) (noting non-compete agreement signed after employee had been employed with the employer for ten years and where the employer did not promise to provide confidential information was not enforceable). *Strickland v. Medtronic*, 97 S.W.3d 835, 839 (Tex. App.—Dallas 2003, pet. dism'd) (noting that statement that the employer "provides the [employee] with information concerning its business products and customers" did not obligate employer to provide confidential information and was therefore insufficient to support the non-compete).

Marzullo accordingly prays that Kelly's request for preliminary injunction be denied and for all such further and additional relief, at law or in equity, including an award of attorneys' fees and costs, to which he is justly entitled.

Respectfully submitted,

 /s/Thomas W.H. Barlow
Thomas W.H. Barlow (P10443)
Marlo Roebuck (P65640)
Jackson Lewis LLP
2000 Town Center, Ste 1900
Southfield, Michigan  48075
Phone:  (248) 809-1900
Fax:  (248) 809-1901
barlowt@jacksonlewis.com
roebuckm@jacksonlewis.com

Dated:   November 7, 2008         ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

James J. Boutrous II
Barnard J. Fuhs
BUTZEL LONG
150 West Jefferson, Suite 100
Detroit, MI 48226
boutrous@butzel.com
fuhs@butzel.com

 /s/Thomas W.H. Barlow
Thomas W.H. Barlow (P10443)
Marlo Roebuck (P65640)
JACKSON LEWIS LLP
2000 Town Center, Ste 1900
Southfield, Michigan  48075
Phone:  (248) 809-1900
Fax:  (248) 809-1901
barlowt@jacksonlewis.com
roebuckm@jacksonlewis.com

ATTORNEYS FOR DEFENDANT